IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BETSY P. ELGAR,                                             No. C 07-00502 SI

        Plaintiff,                                     **ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE AND DEFERRING IN FORMA PAUPERIS APPLICATION**

  v.

HENRY C. WILLIAMS,

        Defendant.
                                        /

        Plaintiff filed this action on January 24, 2007. Plaintiff's complaint appears to allege that defendant committed multiple unspecified wrongs against plaintiff. Plaintiff also filed an application to proceed *in forma pauperis*.

        Plaintiff's complaint runs afoul of the Federal Rules of Civil Procedure, Rule 8(a), which requires that a complaint contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . ., (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Rule 8(e) of the Federal Rules of Civil Procedure further requires that "each averment of a pleading shall be simple, concise, and direct." The purpose of these requirements is to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The requirements of Rule 8 ensure that a defendant will be able to respond to the allegations against him or her. *See Edwards v. N. Am. Rockwell Corp.*, 291 F. Supp. 199, 211 (C.D. Cal. 1968) (stating that "Rule 8(a)(2) envisions the presentation of factual allegations of sufficient clarity and certainty to enable defendants to determine the basis of plaintiff's claim and to formulate a responsive pleading").

As written, the Court cannot decipher the matter at the heart of plaintiff's complaint, nor can it determine whether there is any basis for federal jurisdiction. The complaint does not present factual allegations in a sufficiently clear and certain way so as to enable the defendant to determine the basis of plaintiff's claim and formulate a response. Among plaintiff's seeming allegations are: defendant has wrongfully stated that plaintiff works for defendant, Compl. at 1; defendant has been talking to plaintiff's supervisors, *id*.; defendant is somehow involved in torturing plaintiff, *id.* at 2; defendant arranged for plaintiff to stay in the house of a third party who subsequently stole plaintiff's possessions, *id.*; plaintiff is being followed by a "hitman," *id.* at 3; intellectual property has been wrongfully taken from plaintiff, and defendant knows about the intellectual property, *id.* at 5; plaintiff suffers the ill-effects of the practice of witchcraft or voodoo upon her by others, *id.* at 6; plaintiff was the victim of an attempted poisoning by a third party, *id*; defendant knows that plaintiff has information worth billions of dollars, *id.* at 7; defendant has plaintiff's CD disc, *id.*; and plaintiff, who entered a contract with defendant, opposes lawsuit either filed by or filed against the Department of Defense, *id*.

For the reasons outlined above, plaintiff's complaint as currently written is too vague, unclear and indirect to give defendant fair notice of the claims against him, or to give this Court any way to determine whether it has jurisdiction. Accordingly, the complaint is DISMISSED, with leave to amend. If plaintiff chooses to file an amended complaint, plaintiff must clearly allege what the basis of federal jurisdiction is and exactly what she claims defendant did to deprive her of her legal rights.

Any amended complaint must be filed **on or before February 16, 2007**. If plaintiff fails to file an amended complaint by that date, the matter will be dismissed with prejudice. Consideration of plaintiff's application to proceed *in forma pauperis* will be deferred until an amended complaint is filed.

**IT IS SO ORDERED.**

Dated: January 26, 2007

SUSAN ILLSTON
United States District Judge